IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PRESTON BLAKE,

    Plaintiff,

v.                                                                                                                                    No. 1:22-cv-00093-KWR-CG

DWAYNE SANTISTEVAN, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Preston Blake's Notice of Appeal filed February 9, 2022 (Doc. 1). Blake purports to appeal an Order entered in New Mexico's Fifth Judicial District Court, County of Lea, No. D-506-CV-2020-523 (State Court Order). In that case, Blake sued prison officials after a fellow inmate allegedly stole funds from Blake's inmate account. *See* Complaint in D-506-CV-2020-523.[1] Hon. Lee Kirksey dismissed the complaint, and Blake moved for reconsideration. *See* Docket Sheet in D-506-CV-2020-523. The challenged State Court Order was entered January 5, 2022. *See* Doc. 1 at 1. The State Court Order denies Blake's most recent motion to reconsider because he "does not allege any reason justifying relief from the final [dismissal] order entered on November 29, 2021." Order entered January 5, 2022 in Case No. D-506-CV-2020-523.

The instant Notice of Appeal consists of one paragraph and is addressed to the District Court. It states:

> Notice is hereby given that Preston Blake, pro se plaintiff in the above named case [D-506-CV-2020-523], hereby appeal[s] to the United States Court of Appeals for the 10th Circuit from the Final Judgment, Order Denying Petitioner's Motion in Opposition to Order

---

[1] The Court takes judicial notice of the state docket listed in Blake's filing, Case No. D-506-CV-2020-523. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records").

>Denying Plaintiff's Motion to Vacate Judgment and Dismissal entered in this action on the 5th Day of January, 2022….

Doc. 1 at 1. The Court discerns Blake wishes to open a civil proceeding here for the purpose of pursuing a federal appeal of the State Court Order.

By statute, the Tenth Circuit has "jurisdiction [over] appeals from all final decisions of the district courts of the *United States*." 28 U.S.C. § 1291 (emphasis added). "[O]nly the [United States] Supreme Court has jurisdiction to hear appeals from final state court judgments." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1173 (10th Cir. 2018) (quoting *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006)). In addition, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Based on this authority, and because the Notice fails to establish any basis for federal jurisdiction, this Court cannot grant relief. *See Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (federal "jurisdiction must appear on the face of the complaint").

When a litigant files a pleading in the trial court that is intended for an appellate court, trial courts typically evaluate whether to transfer the matter or dismiss for lack of jurisdiction. *See, e.g, Whittenberg v. Beckstead*, 2021 WL 1313583, at *1 (D.N.M. Feb. 26, 2021) (evaluating whether to transfer federal letter-pleading to the New Mexico Supreme Court, which had jurisdiction to grant relief); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (setting forth standard for transferring successive habeas petitions to the Tenth Circuit). The proper venue to appeal the State Court Order is the New Mexico Court of Appeals (NMCA). *See* N.M.S.A. § 39-3-2. The Court declines to transfer Blake's Notice of Appeal to the NMCA, for several reasons. Blake specifically

sought federal review of the State Court Order, and there is no indication he wishes to proceed in the proper forum. Moreover, it appears the 30-day appeal period expired before Blake filed the Notice of Appeal in this Court. *See* N.M.R.A. 12-201(A)(1) (a notice of appeal must be filed within thirty days after the challenged order). The State Court Order was entered January 5, 2022, and Blake filed the Notice on February 9, 2022. Accordingly, the Court will dismiss the Notice of Appeal without prejudice for lack of jurisdiction.

**IT IS ORDERED** that Preston Blake's Notice of Appeal filed February 9, 2022 (**Doc. 1**) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and the Court will enter a separate judgment closing the civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**